**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5219**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DIVINE JUSTICE REDDICK,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Louise W. Flanagan, Chief District Judge.   (5:08-cr-00130-FL-1)

Argued:  May 14, 2010                    Decided:  June 16, 2010

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**: Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant.   John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Divine Justice Reddick was convicted and sentenced in the Eastern District of North Carolina for two offenses arising from his role in an armed bank robbery. Reddick pursues two appellate challenges to his aggregate sentence of 200 months. First, Reddick maintains that, in departing upward based on the inadequacy of his criminal history category, the district court procedurally erred by failing to comply with section 4A1.3 of the Sentencing Guidelines. Second, Reddick contends that the court substantively erred in departing upward to the sentence that it imposed. As explained below, we reject both contentions and affirm.

I.

On May 15, 2008, Reddick was charged in a three-count indictment with putting in jeopardy the life of another by using a dangerous weapon in a bank robbery, in contravention of 18 U.S.C. § 2113(d) (Count One); using and carrying a firearm during and in relation to a crime of violence, in contravention of 18 U.S.C. § 924(c)(1)(A) (Count Two); and being a felon in possession of a firearm, in contravention of 18 U.S.C. § 922(g)(1) (Count Three). On September 3, 2008, Reddick pleaded guilty to Counts One and Two pursuant to a plea agreement that reserved his right to appeal any sentence in

2

excess of the advisory Guidelines range. Pursuant to the plea agreement, the prosecution dismissed Count Three.

On December 4, 2008, Reddick's Presentence Investigation Report (the "PSR") was submitted to the district court. On Count One, the PSR recommended a Guidelines range of 51 to 63 months of imprisonment, predicated on a total offense level of 20 and a criminal history category of IV. With respect to Count Two, the PSR recognized that the applicable Guidelines sentence was the statutory minimum consecutive term of 84 months. See 18 U.S.C. § 924(c)(1)(A)(ii); USSG § 2K2.4(b).

In the "Impact of the Plea Agreement" section of the PSR, the probation officer explained that the prosecution's dismissal of Count Three significantly impacted Reddick's advisory Guidelines range. Had Reddick been convicted on Count Three, the PSR explained, "he would have been designated as an Armed Career Criminal and would be subject to a statutory penalty of [180 months] to Life on that count and his criminal history category would be VI rather than IV." J.A. 93.[*] Under that scenario, Reddick would have been subject to (1) a Guidelines range of 70 to 80 months on Count One; (2) a consecutive 84-month statutory minimum sentence on Count Two; and (3) a

---

[*] Citations herein to "J.A. ___" refer to the Joint Appendix filed by the parties in this appeal.

3

concurrent 180-month statutory minimum sentence on Count Three. Thus, had he been convicted on Count Three, Reddick would have faced a statutory minimum of 264 months. Because Reddick's advisory Guidelines range (51 to 63 months on Count One and a minimum of 84 months on Count Two) fell well below 264 months, the PSR specified that the district court "may wish to consider an upward departure pursuant to 4A1.3 (Departures Based on Inadequacy of Criminal History Category) and 5K2.21 (Dismissed and Uncharged Conduct) based upon the dismissal of Count [Three]." Id. at 94.

At the sentencing hearing conducted in December 2008, the district court expressed concern with the discrepancy between the advisory Guidelines range calculated by the PSR and the minimum of 264 months that would have accompanied a conviction on Count Three. In response, the Government acknowledged that, when it agreed to dismiss Count Three, it had miscalculated Reddick's predicate convictions and did not recognize that he would have qualified as an armed career criminal had he been convicted on Count Three. The prosecution maintained, however, that a within-Guidelines sentence on Count One (51 to 63 months), plus 84 months on Count Two, would sufficiently serve the sentencing factors of 18 U.S.C. § 3553(a).

Nevertheless, the district court imposed a 200-month sentence, consisting of an above-Guidelines sentence of 116

4

months on Count One and a consecutive 84 months on Count Two. The court relied on two separate Guidelines provisions to support its upward departure. First, it applied Guidelines section 4A1.3, which authorizes an upward departure when, inter alia, a defendant's criminal history category substantially underrepresents the likelihood that he will commit other crimes. See USSG § 4A1.3(a)(1). Second, the court applied Guidelines section 5K2.21, which authorizes an upward departure that reflects the actual seriousness of the defendant's offense based on conduct underlying a charge dismissed under a plea agreement. Notably, the court did not specify the extent of departure attributable to each Guidelines provision, nor did it indicate the Guidelines range to which it was departing. The court then assessed and applied the § 3553(a) sentencing factors, concluding that a sentence within the Guidelines range as originally calculated would be insufficient to achieve the purposes of sentencing. Thus, it imposed an aggregate sentence of 200 months.

Reddick has filed a timely notice of appeal, and we possess jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

II.

We review a sentence imposed by a district court for reasonableness, applying the deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This standard of review encompasses both procedural and substantive reasonableness. Id. at 51. We first ensure that the court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range." Id. If there is no procedural error, we review the sentence for substantive reasonableness, taking the "totality of the circumstances" into account to determine whether the court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

III.

A.

Reddick first challenges his sentence as procedurally unreasonable, maintaining that the district court erred in departing upward on Count One by failing to apply the incremental approach mandated by Guidelines section 4A1.3. That provision, entitled "Departures Based on Inadequacy of Criminal History Category," authorizes a sentencing court to depart upward "[i]f reliable information indicates that the defendant's

6

criminal history category substantially under-represents the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." USSG § 4A1.3(a)(1). After the sentencing court determines that a section 4A1.3 departure is warranted, it is obliged to depart on an incremental basis, moving "horizontally across successive criminal history categories up to category VI," and, if that category is inadequate, vertically "to successively higher offense levels until it finds a guideline range appropriate to the case." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010); see also United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995). In applying this incremental approach, the court may "move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992).

Reddick contends that, in imposing an above-Guidelines sentence on Count One, the district court failed to employ the incremental approach required by section 4A1.3. He maintains that the court moved directly from the Guidelines range corresponding to an offense level of 20 and a criminal history category of IV (51 to 63 months) to the range applicable to an offense level of 24 and a criminal history category of VI (100 to 125 months) without first assessing whether the intermediate

criminal history category of V or the intermediate offense levels of 21, 22, or 23 adequately reflected the seriousness of his criminal conduct. Accordingly, Reddick contends that the court procedurally erred and that his sentence must be vacated.

The fundamental flaw with this contention is that, even if the district court failed to apply the incremental analysis of Guidelines section 4A1.3, any such error is harmless. See United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (concluding that procedural sentencing errors are subject to harmless error review). Notably, we have recognized that when "a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008). Here, in addition to Guidelines section 4A1.3, the district court also relied on section 5K2.21, which authorizes an upward departure "to reflect the seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement . . . and (2) that did not enter into the determination of the applicable guideline range." Importantly, section 5K2.21 does not require a sentencing court to apply any sort of incremental analysis when departing upward, and Reddick does not contend that the court otherwise erred in applying that provision. In other words, the court offered a

8

separate and procedurally sound rationale for its upward departure from Reddick's advisory Guidelines range on Count One. Thus, even if the court erred in departing under section 4A1.3, Reddick's aggregate sentence of 200 months is otherwise procedurally reasonable. Evans, 526 F.3d at 165.

B.

Reddick next contends that his sentence is substantively unreasonable. The district court imposed a 116-month sentence on Count One — notwithstanding the advisory Guidelines range of 51 to 63 months — and, as mandated by statute, also imposed a consecutive 84 months on Count Two, for an aggregate sentence of 200 months. Reddick maintains that the totality of the circumstances fail to support such a deviation from the advisory Guidelines range, rendering the court's sentencing decision an abuse of discretion.

In sentencing Reddick, the district court carefully assessed the sentencing factors set forth in 18 U.S.C. § 3553(a). It first determined that the seriousness of the armed bank robbery underlying Reddick's convictions warranted an above-Guidelines sentence, as did his criminal history, which consisted of three prior armed robberies. The court also found that Reddick — who had committed the offense of conviction within six months of the termination of his parole on a prior armed robbery conviction — was a "repeat offender, a recidivist"

who lacked "respect for the law." J.A. 71. Predicated on these factors, the court concluded that an above-Guidelines sentence was necessary to "promote respect for the law" and to "protect the public from [Reddick]." Id. at 70. In explaining its sentencing decision, the court emphasized that a 200-month sentence was commensurate with the statutory minimum of 264 months that Reddick would have received if he had been convicted on Count Three. Accordingly, the court concluded that an aggregate above-Guidelines sentence of 200 months would achieve the sentencing goals of § 3553(a).

In these circumstances, Reddick's sentence must be deemed substantively reasonable. The district court, having carefully and thoroughly applied the § 3553(a) sentencing factors, did not abuse its substantial discretion in concluding that a within-Guidelines sentence was insufficient. And, although its deviation from Reddick's Guidelines range was significant, the court offered ample justification for the aggregate sentence that it imposed. Accordingly, the court did not substantively err in imposing its sentence.

## IV.

Pursuant to the foregoing, we reject each of Reddick's contentions and affirm.

AFFIRMED

10